## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CARL G. WERDEHAUSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-1381 SRW |
| MARTIN J. O'MALLEY,[1] Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Carl G. Werdehausen's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17. On October 7, 2024, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF Nos. 15, 16. Plaintiff now seeks attorney's fees in the amount of Six Thousand One Hundred and Seven Dollars and Sixty Cents ($6,107.60). This amount is based on 2.80 hours of attorney work in 2023 at $245.00 per hour, and 21.60 hours of attorney work in 2024 at $251.00 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d).

---

[1] At the time this case was filed, Martin O'Malley was the Commissioner of Social Security. Carolyn Colvin became the Commissioner of Social Security on November 30, 2024. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Carolyn Colvin for Martin J. O'Malley in this matter.

Defendant filed a response to the Application, "respectfully request[ing] that the court enter an order specifically awarding attorney fees of $ 6,107.60 to be paid by the Social Security Administration." ECF No. 18.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated October 7, 2024, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 15, 16. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 17 at 3-4; ECF No. 17-5 at 2. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to the fee amount of $6,107.60. The Court must make the fee payable to Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are

2

payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carl G. Werdehausen's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [ECF No. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Six Thousand One Hundred and Seven Dollars and Sixty Cents ($6,107.60).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Carl G. Werdehausen subject to any pre-existing debt which the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel Kelsey Young at Parmele Law Firm PC, 1545 E. Primrose Street, Springfield, Missouri 65804.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Carolyn Colvin for Martin J. O'Malley in the court record of this case.

So Ordered this 2nd day of January, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE